# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-02691-RM-GPG

JOHN GREG WEHR, and
LYN WEHR,

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan
Trust 2005-12, Mortgage Loan Pass Through Certificates Series 2005-12,
NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper,
BANK OF AMERICA CORP., et al., and
JOHN AND JANE DOES 1-100,

    Defendants.

---

# ORDER

---

This matter is before the Court on the September 23, 2019, recommendation of United States Magistrate Judge Gordon P. Gallagher (ECF No. 100) to grant in part and deny in part Defendants' motions to dismiss (ECF Nos. 66, 69). Plaintiffs, who proceed pro se, filed an objection to the recommendation. (ECF No. 100.) For the reasons below, the recommendation is accepted in part and rejected in part, and the Court dismisses all of Plaintiffs' claims.

## I.    LEGAL STANDARDS

Plaintiffs proceeds pro se; thus, the Court liberally construes their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II. BACKGROUND

In August 2018, Defendant U.S. Bank obtained an order authorizing the sale of Plaintiffs' property in a foreclosure proceeding under Colorado Rule of Civil Procedure 120. The public trustee then auctioned the property, and Defendant U.S. Bank was issued a certificate of purchase and confirmation deed. A day before the sale, Plaintiffs filed this lawsuit in state court. After the case was removed to this Court, Plaintiffs filed an amended complaint asserting eleven claims for relief: (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) unjust enrichment, (5) intentional infliction of emotional distress, (6) identity theft, (7) violations of the Colorado Consumer Protection Act, (8) violation of the Truth in Lending Act, (9) violation of the Real Estate Settlement Procedures Act, (10) violation of the Racketeer Influenced and Corrupt Organizations Act, and (11) rescission.

Defendant Bank of America then filed a motion to dismiss (ECF No. 69), arguing that Plaintiffs' claims are barred by applicable statutes of limitation. Plaintiffs' response (ECF No. 74) does not meaningfully respond to the motion. Defendants U.S. Bank and Nationstar

Mortgage also filed a motion to dismiss (ECF No. 66), arguing that Plaintiffs' claims are insufficiently pled, time-barred, or both. Plaintiffs did not file a response to this motion.

The magistrate judge issued a recommendation to dismiss claims 2, 6, 7, 8, 9, 10, and 11 as well as claim 3 with respect to Defendants U.S. Bank and Nationstar Mortgage. The magistrate judge determined Plaintiffs failed to state a claim with respect to these claims, that they are barred by the applicable statute of limitations, or both. Plaintiffs' objection to the recommendation does not meaningfully respond to the magistrate judge's recommendation. The Court has reviewed the pleadings and applicable law and agrees that dismissal of these claims is appropriate for the reasons given by the magistrate judge.

The magistrate judge determined that claims 1, 4, and 5 as well claim 3 with respect to Defendant Bank of America are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Courts in this district have concluded that the *Rooker-Feldman* doctrine precludes claims seeking to invalidate state foreclosure proceedings that have become final, even if the claims are brought before the foreclosure sale occurs. *See, e.g.*, *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2016 WL 745373, at *6 (D. Colo. Feb. 1, 2016) (unpublished); *McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12-cv-02749-MSK, 2014 WL 334813, at *3-4 (D. Colo. Jan. 30, 2014) (unpublished). Plaintiffs do not meaningfully address the application of the *Rooker-Feldman* doctrine to these claims, and the Court agrees with the magistrate judge's

determination that it applies.  However, the Court declines to remand these claims to the state court as recommended by the magistrate judge.  Instead, the Court simply dismisses these claims without prejudice.

Therefore, the Court OVERRULES Plaintiffs' objection (ECF No. 103), ACCEPTS IN PART and REJECTS IN PART the recommendation (ECF No. 100), as stated herein, and GRANTS the motions to dismiss (ECF Nos. 66, 69).  The Clerk is directed to CLOSE this case.

DATED this 16th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge